NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee*,

*v.*

JEREMIA THOMAS MCCABE, *Appellant*.

No. 1 CA-CR 17-0639
FILED 6-19-2018

---

Appeal from the Superior Court in Maricopa County
No.  CR 2017-001798-001
The Honorable Colleen L. French, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Paul J. Prato
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz and Judge James P. Beene joined.

---

**C A M P B E L L**, Judge:

¶1        Jeremia McCabe timely appeals his conviction and sentence for burglary in the third degree, a class 4 felony. Ariz. Rev. Stat. § 13-1506(A)(1). After searching the record on appeal and finding no arguable question of law that was not frivolous, McCabe's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), asking this court to search the record for reversible error. This court granted counsel's motion to allow McCabe to file a supplemental brief *in propria persona*, but McCabe did not do so. After reviewing the entire record, we find no reversible error and, therefore, affirm McCabe's conviction and sentence.

**FACTS AND PROCEDURAL BACKGROUND[1]**

¶2        In August 2016, L.R. ("Victim") witnessed McCabe breaking into his car parked at an apartment complex. Victim confronted McCabe, who fled the scene on foot. Eventually McCabe reached his own vehicle and drove away. Victim provided a description of McCabe to 911 dispatch, as well as the license plate number, make, and model of McCabe's vehicle. A police officer arrived on scene to investigate. Upon inspection of Victim's vehicle, she found damage consistent with forced entry.

¶3        Police officers identified the registered address of McCabe's vehicle based on Victim's information. The officers found McCabe at the residence and, with the help of McCabe's mother, persuaded him to exit the residence and then placed him under arrest. Officers brought Victim to McCabe at a bowling alley where, less than an hour after the offense, Victim identified McCabe as the man who broke into his car. After being taken to

---

[1]We view the facts in the light most favorable to sustaining the jury's verdict and resolve all reasonable inferences against McCabe. *State v. Guerra*, 161 Ariz. 289, 293 (1989).

the police station, McCabe waived his *Miranda* rights and admitted to having a confrontation with Victim at the apartment complex.

¶4         While testifying during trial, McCabe admitted to three prior felony convictions and to being on parole at the time of the confrontation with Victim. After trial, the jury found McCabe guilty of burglary in the third degree. McCabe was sentenced to the presumptive term of 10 years as a category 3 repetitive offender. The court awarded him 288 days of presentence incarceration credit.

## DISCUSSION

¶5         We have reviewed the entire record for reversible error and find none. *See Leon*, 104 Ariz. at 300. McCabe received a fair trial. He was represented by counsel at all stages of the proceedings and was present at all critical stages.

¶6         The evidence presented at trial was substantial and supports the verdict. The jury was properly comprised of eight members and the court properly instructed the jury on the elements of the charge, McCabe's presumption of innocence, the State's burden of proof, and the necessity of a unanimous verdict. The superior court received and considered a presentence report, McCabe was given an opportunity to speak at sentencing, and his sentence was within the range of acceptable sentences for his offense.

## CONCLUSION

¶7         We decline to order additional briefing and affirm McCabe's conviction and sentence. After the filing of this decision, defense counsel's obligations pertaining to McCabe's representation in this appeal have ended. Defense counsel need do no more than inform McCabe of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).

¶8         McCabe has 30 days from the date of this decision to proceed, if he wishes, with an *in propria persona* petition for review. On the court's

own motion, we also grant McCabe 30 days from the date of this decision to file an *in propria persona* motion for reconsideration.



AMY M. WOOD • Clerk of the Court
FILED: AA